PER CURIAM.
The appellant, Gary E. Paschke, entered a plea of guilty to the offense of breaking and entering with intent to commit a felony; he had previously entered a plea of not guilty to the said offense. Appellant was, thereupon, sentenced to serve a term of five years in the state prison with credit being given for time served in the county jail.
Subsequently, notice of appeal was filed to this court to review the judgment and sentence, appellant being represented by the public defender who had filed a brief in this court in behalf of Gary E. Paschke.
After reviewing the facts contained in the record the public defender states in his brief that he “. . . cannot find anything which would arguably support an appeal.” Whereupon, he requested to be relieved as attorney of record for appellant under the rationale of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The record shows that the clerk of this court, on January 12, 1973, caused to be mailed to appellant an order advising him that within 30 days, if he so desired, he could file a brief with this court submitting any matter that he deemed advisable in connection with this appeal. To date we have not received a brief or response from the appellant.
*302 The only assignment of error raised by appellant in this appeal was that the plea of guilty entered in this cause in the trial court was not freely and voluntarily given. The colloquy in the record before us between the trial judge, the Honorable Gilbert A. Smith, and appellant indicates beyond any question of doubt that appellant entered the plea of guilty knowingly and understandingly as provided in Rule 3.-170(a), RCrP., 33 F.S.A.
We have carefully examined the entire record on file here on behalf of appellant, Paschke, and find nothing therein sufficient to justify a reversal of the trial court’s action and, therefore, the judgment and sentence appealed is hereby
Affirmed.
HOBSON, A. C. J., and McNULTY and BOARDMAN, JJL concur.